**HYDEE FELDSTEIN SOTO,** City Attorney (SBN 106866)
**DENISE C. MILLS,** Chief Deputy City Attorney (SBN 191992)
**SCOTT MARCUS,** Chief Asst. City Attorney (SBN 184980)
**CORY M. BRENTE,** Assistant City Attorney (SBN 115453)
**SHANT TASLAKIAN,** Deputy City Attorney (SBN 272485)
**REBEKAH YOUNG,** Deputy City Attorney (SBN 214859)
City Hall East, 200 North Main Street, 6th Floor, Los Angeles, California 90012
Phone: (213) 978-6900; Fax:  (213) 978-8785
Email: shant.taslakian@lacity.org; rebekah.young@lacity.org

*Attorneys for Defendants* **CITY OF LOS ANGELES, LOS ANGELES POLICE DEPARTMENT, JOSE HERNANDEZ, AND ERIC WATTS**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JING XU,<br><br>*Plaintiff,*<br><br>v.<br><br>CITY OF LOS ANGELES, LOS ANGELES POLICE DEPARTMENT, E. WATTS #43716, JOHN DOE, J. VELAZQUEZ #42422, JOHN DOE, J. HERNANDEZ #43215, JOHN DOE, MALDONADO #43223, JOHN DOE, LT. SANCHEZ #25339, JOHN DOE<br><br>*Defendants*. | CASE NO. 23CV01575-FLA (SP)<br><br>***Hon. Fernando L. Aenlle-Rocha***, *Crt. 6B*<br>*1st Street Federal Courthouse (Los Angeles)*<br>***Hon. Sheri Pym,*** *Magistrate Judge, Crt. 3*<br>*George E. Brown, Jr. Courthouse (Riverside)*<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' ANSWER**<br><br>Date: October 17, 2023<br>Time: 10:30 a.m.<br>Court: Crt. 3 (Riverside) |

## DEFENDANTS' OPPOSITION

**I.   APPLICABLE LEGAL STANDARDS**

The Federal Rules of Civil Procedure requires Defendants' Answer to "(A) state in short and plain terms its defenses to each claim asserted against it; and (B) admit or deny the allegations asserted against it by an opposing party." Fed.R.Civ.P. 8(b)(1). Additionally, any denial in the Answer "must fairly respond to the substance of the allegation" that is being denied. Fed.R.Civ.P. 8(b)(2). A general denial of all allegations

1

in the Complaint is appropriate only when the Defendant "intends in good faith to deny all the allegations of a pleading—including the jurisdictional grounds … A party that does not intend to deny all the allegations must either specifically deny designated allegations or generally deny all except those specifically admitted." Fed.R.Civ.P. 8(b)(3).

Federal Rule of Civil Procedure 8(c) requires that Defendants assert "any avoidance or affirmative defense" in their responsive pleading. Fed. R. Civ. Pro. 8(c). An avoidance is a "statement of new matter, in opposition to a former pleading, which, admitting the facts alleged in such former pleading, shows cause why they should not have their ordinary legal effect." *Lee v. United States*, 765 F.3d 521, 523 (5th Cir. 2014) (quotations omitted). Relatedly, an affirmative defense "limits or excuses a defendant's liability even if the plaintiff establishes a prima facie case." *Bell v. Taylor*, 827 F.3d 699, 704 (7th Cir. 2016). Thus, a "defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense ... [and thus need not] be pled in [Defendants'] answer." *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002).

Under Federal Rule of Civil Procedure 12(f), the Court may strike from a pleading "an [1] insufficient defense or any [2] redundant, [3] immaterial, [4] impertinent, or [5] scandalous matter." Fed.R.Civ.P. 12(f). Rule 12(f) applies only if the challenged matter falls into one of those five categories. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010). The purpose of a motion to strike is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial[.]" *Id*. (internal quotation marks and citations omitted).

Although a Rule 12(f) motion provides the means to excise improper materials from pleadings, such motions are generally disfavored because they may be used as delaying tactics and because of the strong policy favoring resolution on the merits. See *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000); *Cal. Dep't of Toxic Substances Control v. Alco Pacific, Inc.*, 217 F.Supp.2d 1028, 1033 (C.D. Cal. 2002). Furthermore, a motion to strike should not be granted "unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Loi Nguyen v. Durham*

*Sch. Servs., L.P.*, 358 F.Supp.3d 1056, 1058 (C.D. Cal. 2019) (citation omitted).

Although the prevailing rule in the Ninth Circuit regarding motions to strike answers has been that affirmative defenses need only give a plaintiff fair notice of the defense, see *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979), overruled on other grounds by *Castro v. County of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (en banc), this rule has been called into question by the Supreme Court's tightening of the pleading standards to demand more factual specificity in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). See *Ear v. Empire Collection Auths.*, 2012 WL 3249514, at *1 (N.D. Cal. Aug. 7, 2012). Nevertheless, neither the Ninth Circuit nor the Supreme Court have instructed the courts to depart from the notice-pleading standard applied in evaluating the sufficiency of an affirmative defense. See *Kohler v. Flava Enterprises, Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015) (applying notice pleading); see also *In re Honest Company, Inc. Securities Litigation*, 343 F.R.D. 147, 152 (C.D. Cal. Oct. 26, 2022) ("Setting aside any confusion as to the district in which this Court sits, the Court's prior decisions clearly provide its position on the issue: neither the language of Rule 8(c) nor the holdings of [*Twombly* and *Iqbal*] requires a defendant meet anything other than the 'fair notice' standard of pleading").

"Fair notice generally requires that the defendant state the nature and grounds for the affirmative defense." *Roe v. City of San Diego*, 289 F.R.D. 604, 608 (S.D. Cal. 2013). In other words, plaintiffs must be afforded the opportunity to rebut the asserted defenses or to alter their litigation strategy based on the pleadings. See *Simmons v. Navajo County*, 609 F.3d 1011, 1023 (9th Cir. 2010), overruled in part by *Castro*, 833 F.3d 1060; see also *In re Gayle Sterten*, 546 F.3d 278, 285 (3d Cir. 2008) (observing that "the proper focus of our inquiry" is whether framing the defense as a denial of an allegation "specifically deprived [the plaintiff] of an opportunity to rebut that defense or to alter her litigation strategy accordingly"). Fair notice, however, does not "require a detailed statement of facts." *Roe*, 289 F.R.D. at 608. Instead, the fair notice required by the pleading standards "only requires describing the defense in general terms." *Kohler*, 779 F.3d at 1019 (citation

and internal quotation marks omitted).

Lastly, "[b]efore a motion to strike is granted the court must be convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the claim or defense succeed." *RDF Media Ltd. v. Fox Broad. Co.*, 372 F.Supp.2d 556, 561 (C.D. Cal. 2005). "In ruling on a motion to strike under Rule 12(f), the court must view the pleading in the light most favorable to the nonmoving party." *Cholakyan v. Mercedes-Benz USA, LLC*, 796 F.Supp.2d 1220, 1245 (C.D. Cal. 2011). If a claim is stricken, leave to amend should be freely given when doing so would not cause prejudice to the opposing party. *Vogel v. Huntington Oaks Delaware Partners, LLC*, 291 F.R.D. 438, 440 (C.D. Cal. 2013).

## II.   DISCUSSION

As discussed above, notice pleading does not "require a detailed statement of facts." *Kohler v. Staples the Office Superstore*, LLC, 291 F.R.D. 464, 468 (S.D. Cal. 2013). Rather, Defendants need only "state the nature and grounds for the affirmative defense." *Id*. Thus, with respect to "well-established defenses, merely naming them may be sufficient" to give notice as such defenses will be readily understood by the parties. *DC Labs Inc. v. Celebrity Signatures Int'l, Inc.*, 2013 WL 4026366, at *4 (S.D. Cal. Aug. 6, 2013). In sum, "[t]he rule only requires fair notice to the Plaintiff of defenses that might be utilized by the Defendant later in the litigation, and the affirmative defenses in the answer accomplish that purpose." *Cookse v. Ocean*, 2017 WL 8811737, at *2 (C.D. Cal. July 7, 2017). "While … not all of the defenses will be factually or legally viable, the Plaintiff will be able to argue why such defenses are baseless at the summary judgment phase of litigation or at trial, if the Defendant chooses to pursue them." *Id*. "At this point, the Court is not in a position to know which affirmative defenses are viable and which will be unsupported by the facts. The Plaintiff now has notice of all possible affirmative defenses, even if they are stated in a conclusory fashion. That is all the law of this circuit requires[.]" *Id*. Plaintiff's motion misconstrues the fundamental nature of an Answer by arguing the merits of Plaintiff's claims or, conversely, the absence of merit as to potential

defenses. This is appropriate at summary judgment, not the initial pleading stage. See *id*.

Indeed, evaluating the merits of a defense simply is not proper on a motion to strike. See *GS Holistic, LLC v. Crows Landing Smoke Shop Inc.*, 2023 WL 2815746, at *4 (E.D. Cal. April 6, 2023); *Brooks v. Tapestry, Inc.*, 2022 WL 3229779, at *4 (E.D. Cal. Aug. 9, 2022) ("To the extent Plaintiff challenges the merits of the defense, the Court declines to make such a determination on a motion to strike"); *Reiffer v. HGM Holdings LLC*, 2019 WL 1455325, at *3 (E.D. Cal. Apr. 1, 2019) (noting "merits arguments are not appropriate on a motion to strike"); *Smith v. Cobb*, 2017 WL 2350443, at *6 (S.D. Cal. May 30, 2017) (denying motion to strike and noting that "[t]he existence of evidence that supports claims or injuries is a matter of factual proof for future determination as this case progresses— not an issue that bears on the sufficiency of an answer at this stage of the litigation"); *Quintana v. Baca*, 233 F.R.D. 562, 564-65 (C.D. Cal. Oct. 5, 2005) ("The plaintiff asserts that there can be no qualified immunity because the law was clearly established, and no reasonable officer could have believed the alleged actions were reasonable. This is an argument that goes to the merits of the defense and should not be addressed on a motion to strike. Accordingly, the Court denies the motion to strike this defense").

Proper affirmative defenses are those which "plead matters extraneous to the plaintiff's prima facie case, which deny plaintiff's right to recover, even if the allegations of the complaint are true." *Federal Deposit Ins. Corp. v. Main Hurdman*, 655 F.Supp. 259, 262 (E.D. Cal. 1987). Once an affirmative defense has been properly pled, a motion to strike which alleges the legal insufficiency of an affirmative defense will not be granted "unless it appears ***to a certainty*** that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense." See *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F.Supp.2d 1167, 1170 (N.D. Cal. June 22, 2010) (citing *Z. Salcer, Panfeld, Edelman v. Envicon Equities Corp.*, 744 F.2d 935, 939 (2d Cir. 1984) (emphasis added). That standard has not been met here.

///

///

## III. CONCLUSION

Because evaluation of an affirmative defense's merits is not proper on a motion to strike, Plaintiff's motion to strike Defendants' Answer should be denied in its entirety.

Dated: Sept. 26, 2023

**HYDEE FELDSTEIN SOTO**, City Attorney
**DENISE C. MILLS**, Chief Deputy City Attorney
**SCOTT MARCUS**, Chief Asst. City Attorney
**CORY M. BRENTE**, Assistant City Attorney

By: /s/ *Rebekah Young*
    **REBEKAH YOUNG**, Deputy City Attorney

*Attorneys for Defendants* **CITY OF LOS ANGELES, LOS ANGELES POLICE DEPARTMENT, JOSE HERNANDEZ, AND ERIC WATTS**

6

# PROOF OF SERVICE

I am employed in the County of Los Angeles, California. I am over the age of 18 and not a party to the within action; my business address is: Office of the City Attorney, 200 N. Main Street, 6th Floor, Los Angeles, CA 90012.

On September 26, 2023, I served copies of the following document(s) described as: **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' ANSWER** on the interested party(ies) in this action as follows:

Jing Xu
P.O.Box 51081
Irvine, CA 92619
Phone (424) 408-7861
Superbloom2020@gmail.com

**[X]** **BY MAIL:** By placing a true copy thereof enclosed in a sealed envelope(s) addressed as above and placing each for collection and mailing on that date following ordinary business practices. I am "readily familiar" with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the U.S. Postal Service in Los Angeles, California, in a sealed envelope with postage fully prepaid.

**[ ]** **BY ELECTRONIC SERVICE:** Based on a court order and an agreement of the parties to accept service by electronic transmission, I caused the document(s) described above to be sent to the persons at the e-mail addresses listed on the attached Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**[X]** **FEDERAL:** I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I hereby certify under the penalty of perjury that the foregoing is true and correct.

Executed on this 26th_day of September 2023 at Los Angeles, California.

_Melinda Crowe_
Melinda Crowe

1