UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-01575-FLA (SP) | Date | October 18, 2023 |
|---|---|---|---|
| Title | Jing Xu v. City of Los Angeles, et al. | | |

| Present: The Honorable | Sheri Pym, United States Magistrate Judge | |
|---|---|---|
| Kimberly I. Clerk | None | None |
| Deputy Clerk | Court Reporter/Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| None | | None |

**Proceedings:** (In Chambers) Order Denying Motion to Strike Answer Without Prejudice [59]

## I. INTRODUCTION

On September 13, 2023, plaintiff Jing Xu filed a motion to strike the affirmative defenses from defendants' answers (docket no. 59). Defendants City of Los Angeles, Los Angeles Police Department ("LAPD"), Jose Hernandez, and Eric Watt opposed the motion to strike on September 26, 2023 (docket no. 60).

The court found a hearing on this motion would not be of assistance, and so vacated the hearing that was scheduled for October 17, 2023. The court now denies the motion for the reasons discussed below.

## II. BACKGROUND

This civil rights case concerns the arrest of plaintiff following a domestic violence dispute. On March 2, 2023, plaintiff filed a complaint against defendants asserting violations of her constitutional rights due to false arrest, false imprisonment, and malicious prosecution. Docket no. 1. Plaintiff seeks declaratory relief and unspecified compensatory and punitive damages, as well as reasonable attorney fees.

On May 5, 2023, defendants City of Los Angeles, LAPD, Hernandez, and Watt filed an answer, asserting eight affirmative defenses: (1) the lawsuit is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), and *Susag v. City of Lake Forest*, 94 Cal. App. 4th 1401, 115 Cal. Rptr. 2d 269 (2002); (2) the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 2:23-cv-01575-FLA (SP) | Date | October 18, 2023 |
|---|---|---|---|
| Title | Jing Xu v. City of Los Angeles, et al. | | |

claims are barred by the statute of limitations in § 340(3) of the California Code of Civil Procedure; (3) the action is barred for lack of standing to sue; (4) the action is barred by the doctrine of res judicata; (5) defendants are protected from liability by the doctrine of qualified immunity; (6) defendants are protected from liability by the doctrine of prosecutorial immunity; (7) defendants are immune from the imposition of punitive damages in their official capacities; and (8) defendants are immune from liability pursuant to various California statutes.  Docket no. 24.  On May 15, 2023 and June 2, 2023, defendants Jacqueline Gill (sued as J. Velazquez) and Oscar Maldonado filed answers identical to that of defendants City of Los Angeles, LAPD, Hernandez, and Watt.  Docket nos. 29, 38.  Only defendants City of Los Angeles, LAPD, Hernandez, and Watt opposed the motion to strike.

### III.   DISCUSSION

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  A matter is immaterial when it has no essential or important relationship to the claim for relief and is impertinent when it does not pertain and is unnecessary to the issues in question.  *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517, 114 S. Ct. 1023, 127 L. Ed. 2d 455 (1994).  An affirmative defense may be deemed insufficient either as a matter of pleading or as a matter of law.  *Gomez v. J. Jacobo Farm Labor Contr., Inc.*, 188 F. Supp. 3d 986, 991 (E.D. Cal. 2016) (citing *U.S. v. Gibson Wine Co.*, 2016 WL 1626988, *4 (E.D. Cal. Apr. 25, 2016)).  An affirmative defense is insufficient as a matter of pleading if it fails to give the plaintiff "fair notice of the defense."  *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979).  And "[a] legally insufficient affirmative defense 'lacks merit under any set of facts the defendant might allege.'"  *Spencer v. Carlson*, 2022 WL 902854, at *1 (E.D. Cal. Mar. 8, 2022) (quoting *Gomez*, 188 F. Supp. 3d at 991).

"Motions to strike are generally regarded with disfavor because of the limited importance of pleading in federal practice . . . ."  *Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002) (citations omitted).  Accordingly, motions to strike "will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 2:23-cv-01575-FLA (SP) | Date | October 18, 2023 |
|---|---|---|---|
| Title | Jing Xu v. City of Los Angeles, et al. | | |

*Friedman v. 24 Hour Fitness USA, Inc.*, 580 F. Supp. 2d 985, 990 (C.D. Cal. 2008) (quotation marks and citation omitted); *see Quintana v. Baca*, 233 F.R.D. 562, 564 (C.D. Cal. 2005) ("courts often require a 'showing of prejudice by the moving party' before granting the requested relief") (citation omitted). "[E]ven when technically appropriate and well-founded, Rule 12(f) motions often are not granted in the absence of a showing of prejudice to the moving party." 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1381 (3d ed. Apr. 2022) ("Wright & Miller"); *see Brooks v. BevMo! Inc.*, 2021 WL 3602152, at *1 (E.D. Cal. Aug. 13, 2021) (when no showing of prejudice has been made, a court may deny the motion to strike even if "even though the offending matter was literally within one or more of the categories set forth in Rule 12(f)") (quotation marks and citation omitted). Ultimately, "whether to grant a motion to strike lies within the sound discretion of the district court." *Cal. Dep't of Toxic Substances Control*, 217 F. Supp. 2d at 1033.

Plaintiff raises several grounds to strike the defenses – insufficient as a matter of law, immaterial, and irrelevant – and attempts to rebut the defenses on the merits. But a motion to strike affirmative defenses is not to decide the merits and courts do not strike affirmative defenses simply because they will fail. Moreover, plaintiff has not explained how she is prejudiced by the affirmative defenses. Because plaintiff has made no showing that the inclusion of the affirmative defenses would prejudice her and the court finds that "an assessment of the sufficiency of defenses is better left for adjudication on the merits," the court denies the motion to strike. *Williams v. Exeter Fin. LLC*, 2019 WL 6768317, at *1 (N.D. Cal. Dec. 11, 2019); *see* Wright & Miller § 1381 ("[E]ven when the defense seems to present a purely legal question, . . . these questions quite properly are viewed as best determined only after further development by way of discovery and a hearing on the merits, either on a summary judgment motion or at trial."); *see, e.g., Ashley v. Moore*, 2022 WL 20218722, at *2 (C.D. Cal. Nov. 9, 2022) (denying motion to strike when no prejudice was shown); *Free Speech Sys., LLC v. Menzel*, 390 F. Supp. 3d 1162, 1176 (N.D. Cal. 2019) (denying motion to strike affirmative defense that do not add complexity and will not prejudice plaintiff); *Arthur v. Constellation Brands, Inc.*, 2016 WL 6248905, at *4 (N.D. Cal. Oct. 26, 2016) ("parsing negative from affirmative defenses is unnecessary because [plaintiff] has made no showing that he will suffer prejudice if these defenses are not stricken or that striking them will avoid litigation of spurious issues").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 2:23-cv-01575-FLA (SP) | Date | October 18, 2023 |
|---|---|---|---|
| Title | Jing Xu v. City of Los Angeles, et al. | | |

## IV. **CONCLUSION**

IT IS THEREFORE ORDERED that plaintiff's motion to strike the affirmative defenses from defendants' answer is DENIED without prejudice.  Plaintiff may raise the same arguments in or in response to an appropriate motion, should they be or become at issue in this case.