UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-01575-FLA (SP) | Date | February 1, 2024 |
|---|---|---|---|
| Title | JING XU v. CITY OF LOS ANGELES, et al. | | |

| Present: The Honorable | Sheri Pym, United States Magistrate Judge | |
|---|---|---|
| Kimberly I. Carter | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiff:  Attorneys Present for Defendant:

None Present  None Present

**Proceedings:** **(In Chambers) Order Denying Request for Appointment of Counsel [67]**

The court is in receipt of plaintiff's Request for Appointment of Counsel (docket no. 67, filed January 31, 2024). After carefully considering the motion, the court hereby **DENIES without prejudice** the motion for appointment of counsel.

There is no constitutional right to appointed counsel in civil rights actions. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). The court has no direct way to pay appointed counsel and cannot compel an attorney to represent a plaintiff. *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 301-10, 109 S. Ct. 1814, 104 L. Ed. 2d 318 (1989). In exceptional circumstances, the court may request counsel to voluntarily provide representation. 28 U.S.C. § 1915(e)(1); *see Mallard*, 490 U.S. at 301-10. To decide whether "exceptional circumstances" exist, the court evaluates both the likelihood of a plaintiff's success on the merits and plaintiff's ability to articulate claims pro se. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

At this juncture in the case, the court does not find that such exceptional circumstances exist. Although the court appreciates the challenges plaintiff faces in conducting discovery, up to this point plaintiff has been able to articulate her claims and arguments to the court. The court assures plaintiff that it will continue to liberally construe the pleadings and give plaintiff the benefit of the doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).