Jin Xu

Superbloom2020@Gmail.com

P.O. Box 51081

Irvine, CA 92619

(424)408 7861

Plaintiff in Pro Per

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jin Xu, | Case No.: 2:23CV01575-FLA(SP) |
| Plaintiff, | |
| vs. | **REQUEST FOR EXTENSION** |
| City of Los Angeles, | |
| Los Angeles Police Department, | |
| E. Watt, #43716, John Doe, | |
| J. Velazquez, #42422, John Doe, | |
| Hernandez, #43223, John Doe, | |
| Maldonado, #43223, John Doe, | |
| Lt. Sanchez, #25339, John Doe, | |
| Defendant. | |

    I, Jing Xu, am the Plaintiff in this case, respectfully request an extension of time to Discovery Cut-off Date.

The above-referenced document(s) is/are currently due on March 1, 2024.

I have received ZERO prior extensions in this case.

This extension is necessary because, the current due date, March 1, 2024, as a pro se litigant, confronted with substantial challenges that impede Plaintiff ability to adequately prepare the case by the current deadline.

**First**, I have encountered multiple times on extensions, delays, and non-responses attributable to the defendant counsel's medical leaves, extension medical leaves, busy schedule, such as his trail etc. These delays have significantly slowed the discovery process. For instance, the due date for admissions, interrogatories and productions was October 23, 2023, the defendant counsel request for a 16-days extension due to his extension medical leave. For another instance, the police worn bodycam tapes---a critical piece of evidence- were due October 23, 2023, however, Plaintiff counsel provided it to Plaintiff on January 9, 2023, which constrains Plaintiff ability to analyze this footage and prepare corresponding discovery admissions and interrogatories questions before the imminent due date of January 16, 2024. As the Plaintiff and a victim in the underlying criminal case, Plaintiff is at a distinct disadvantage as lack direct access to evidence that is solely in the possession of the defense. Some discovery questions only can be prepared based on the evidence defendants provide, such as the pivotal evidence----the police worn bodycam tapes.

The delayed provision of ten bodycam footage has placed an undue burden on my ability to review and integrate this evidence into Plaintiff discovery responses, especially given that English is not Plaintiff first language and audiovisual material presents unique comprehension challenges. Indeed, Plaintiff requested

and urge the defendant counsel several times on sending ASAP the protective order and the pivotal evidence Production bodycam tapes, however, the evidence is still sent to Plaintiff a late basis.

The history pattern of past delays and extensions suggest a significant like hood of continued delays for future responses due to the defendant counsel demanding schedule. This extension would serve the interests of justice by providing both parties adequate time to address the complexities of this case and mitigate any potential for further delay.

**Second**, Plaintiff needs more time working on some new findings in light from the discovery documents recently furnished by defense counsel.

Notably, an initial review of these documents suggests potential violations of California Penal Code § 825 regarding the timely arraignment of arrestees. The documents indicate that Plaintiff was held in custody beyond the statutory 48-hour window.

Moreover, Plaintiff uncovered further issues including but not limited to aspects of municipal liability and claims arising under state law. The complexity of the issues demands meticulous analysis and the formulation of additional discovery inquiries, requiring substantial time to explore thoroughly to ensure that all relevant information is diligently pursued and incorporated into the case.

**Third**, Plaintiff encountered significant challenges in navigating the intricacies of the discovery process, which presents a substantial risk of impeding Plaintiff ability to procure the necessary facts from the defense counsel by the current discovery cut-off date.

1
2     Plaintiff's initial requests for production, admission, and interrogatories were
3  met with a near-universal response of objections, despite being meticulously
4  prepared with guidance from multiple consultations at the Federal Court Pro Se
5  Clinic over two months, and through extensive personal research in law libraries
6  and online.
7
8     While Plaintiff have subsequently submitted only a few additional discovery
9  requests and is awaiting responses, the guidance from the Pro Se Clinic has
10 significantly moderated expectations. The pro Se Clinic advise that, given Plaintiff
11 currently limited legal expertise and linguistic barriers, it is almost certain that the
12 responses from the defense will be fraught with objections, a challenge that is
13 exacerbated for a pro se litigant such as Plaintiff.
14
15    The disparity in legal acumen is stark, with Plaintiff lack of legal background
16 pitted against a cadre of highly experienced city attorneys. This power differential
17 is exacerbated by the language barriers Plaintiff faces, with English not being
18 Plaintiff first language, creating a pronounced inequity in legal proceedings. With
19 the looming discovery deadline, Plaintiff is confronted with the very real
20 possibility of being unable to gather crucial facts from high experienced city
21 attorneys to substantiate the claims.
22
23    The disparity in legal acumen is stark, with Plaintiff lack of legal background
24 pitted against a cadre of highly experienced city attorneys. This power differential
25 is exacerbated by the language barriers Plaintiff faces, with English not being
26 Plaintiff first language, creating a pronounced inequity in legal proceedings. With
27 the looming discovery deadline, Plaintiff is confronted with the very real
28

4

Request for Extension

possibility of being unable to gather crucial facts from high experienced city attorneys to substantiate the claims.

Moreover, as a pro se litigant facing formidable language and legal hurdles, the sophisticated nature of depositions presents a significant challenge wherein Plaintiff must secure substantive responses from the defendants—responses that will underpin the strength of the case. For instance, Should the defendants object or refuse to answer Plaintiff's deposition questions, Plaintiff current lack of legal training and language barrier would leave plaintiff ill-equipped to counter effectively. Preparing adequately for depositions necessitates considering all potential scenarios, which is immensely time-consuming and labor-intensive, especially for a pro se litigant.

In light of these considerations, an extension of the discovery cut-off date is not only justified but imperative. It would afford Plaintiff the opportunity to prepare more thoroughly and address the legal and linguistic complexities that Plaintiff faces, thereby slightly rectifying the current imbalance and contributing to the fairness of the legal process.

**Fourth**, Plaintiff personal medical issues.

The extensive legal proceedings spanning from the initial criminal case through to the Petition to Factual Innocence, and current Civil Rights Litigation have inflicted significant psychological and physical strain on Plaintiff. The protracted nature of these cases has profoundly disrupted Plaintiff's life, precipitating long-standing psychological impacts such as severe depression, chronic insomnia, and persistent anxiety. These conditions have, in turn, compounded existing physical health challenges.

Recently, Plaintiff have experienced randomly chest pain, prompting medical consultations. A provisional diagnosis suggests anterior ischemia, a condition that necessitates ongoing radiological evaluations, and Plaintiff also recovering from an accidental Traumatic Eardrum Rupture (Plaintiff can provide the medical record to substantiate these health concerns, however, Plaintiff assert the necessity to do so in a manner that safeguards Plaintiff's privacy.)

The arduous schedule imposed by the demands of discovery further exacerbates these health concerns. My current obligations, though not exhaustive, include:

1. Engaging with Request for appointment counsel (just filed)
2. Preparing this Request for Extension Discovery Cut-off date
3. Preparation for Defense Counsel's deposition: Plaintiff will be being deposed by the defense counsel. Plaintiff requires time to carefully prepare for the deposition due to absence of legal representation.
4. Preparation for Plaintiff's Deposition: an extensive workload plus securing a competent court reporter at a reasonable price, given Plaintiff current lack of income.
5. Drafting Protective Order for Defense Counsel's discovery productions
6. Responding discovery requests from defense counsel
7. Preparing Mediation
8. Reviewing new bodycam footage and corresponding new discovery requests and potential complaint amendments.
9. Complaint Amending
10. Motion to Compel defense counsel's productions, interrogatories, and admissions
11. Meet-and-Confer process for each obligation above

The cumulative burden of these tasks, coupled with Plaintiff health concerns, presents an untenable scenario wherein the current discovery cut-off date looms as an insurmountable deadline. Plaintiff's doctors have advised a reduction in stress and increased rest to avoid aggravating the current health condition. Plaintiff also needs time for ongoing medical evaluations appointments for doctors' accurate diagnosis.

**Finally**, despite earnestly engaging in the meet and confer process, my request for an extension has been denied by the defense counsel (The defense counsel later offered a mere one-week extension limited to Interrogatories and admissions contingent upon the stringent limitation of five additional questions). Plaintiff has previously shown a willingness to compromise on the duration of the extension and have extended courtesy and flexibility to the defense counsel in prior requests. Such a denial stands in stark contrast to the extensions and accommodations I have previously extended to the defense counsel.

At the outset, during the Scheduling Conference, I advocated for a discovery period of at least ten months due to Plaintiff absent legal background and language barrier. However, when the court allocated a shorter timeframe, Plaintiff endeavored to adhere to the court's discovery timeline. Regrettably, delays attributed to the defense counsel have hindered this effort, causing a postponement in addressing recent findings that emerged from their provided documents. These unforeseen delays, coupled with the inherent complexities of the discovery process and Plaintiff own medical concerns, present a substantial risk of being unable to procure essential information from the defense by the current discovery cut-off date.

It is my respectful submission that the Court's grant of this extension would not only facilitate a more just and equitable discovery process but would also provide a measure of relief in light of the significant personal and medical hardships Plaintiff continue to face.

Considering the aforementioned reasons, Plaintiff respectfully implores the court to consider granting an additional 210 days extension for Discovery Cut-off Date.

Respectfully submitted on February 6, 2024.

                                                Jing Xu

                                                Plaintiff in Pro Se