HYDEE FELDSTEIN SOTO, City Attorney- SBN 106866
DENISE C. MILLS, Chief Deputy City Attorney – SBN 191992
SCOTT MARCUS, Chief Asst. City Attorney-SBN 184980
CORY M. BRENTE, Assistant City Attorney-SBN 115453
**SHANT TASLAKIAN,** Deputy City Attorney-SBN 272485
200 North Main Street, 6th Floor, City Hall East
Los Angeles, California 90012
Phone No.: (213) 978-6900; Fax No.: 213) 978-8785
Email: Shant.Taslakian@lacity.org

<u>DISCOVERY</u>

*Attorneys for Defendants,*
**CITY OF LOS ANGELES, JOSE HERNANDEZ AND ERIC WATTS**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JING XU,<br><br>*Plaintiff*,<br><br>v.<br><br>City of Los Angeles,<br>Los Angeles Police Department,<br>E Watts, #43716, John Doe<br>J. Velazquez, #42422, John Doe<br>Hernandez, #43215, John Doe<br>Maldonado, #43223, John Doe<br>Lt. Sanchez, #25339, John Doe<br><br>*Defendants*. | CASE NO. 2:23CV01575-FLA(SP)<br><br>**Hon. Fernando L. Aenlle-Rocha**, *Crtrm 6B, First Street Federal Courthouse*<br><br>**Hon. Sheri Pym,** *Magistrate Judge, Crtrm. 3, 3rd Floor, George E. Brown, Jr. U.S. Courthouse, Riverside, CA 92501*<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF FIRST REQUEST TO EXTEND DISCOVERY CUT-OFF DATE TO 9-3-24** |

1

Defendants' hereby submit the following Opposition to Plaintiff's First Request to Extend Discovery Cut-Off Date to September 3, 2024.

Dated:  Feb. 13, 2024

**HYDEE FELDSTEIN SOTO**, City Attorney
**DENISE C. MILLS,** Chief Deputy City Attorney
**SCOTT MARCUS,** Chief Asst. City Attorney
**CORY M. BRENTE**, Assistant City Attorney

By:   /s/ *Shant Taslakian*
**SHANT TASLAKIAN**
Deputy City Attorney

*Attorneys for Defendants,*
**CITY OF LOS ANGELES, JOSE HERNANDEZ AND ERIC WATTS**

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  Plaintiff Failed to Meet and Confer Regarding this Motion in Compliance with Local Rule 7-3**

On February 6, 2024, Plaintiff filed a Request for Extension. However, Plaintiff did not meet and confer with defense counsel prior to filing this motion, pursuant to Local Rule 7-3.  As such, Defendant objects to the request and it should be denied at this time for failure to comply with the local rules. While Plaintiff did inform me on January 16, 2024 that it was likely she would seek a formal extension with the Court, we never discussed the specifics of this motion telephonically, as required by the local rule.

**II.  Plaintiff's Motion Should be Denied on the Merits, as (a) Defense Counsel Agreed to a Reasonable Extension (b) Plaintiff Has Conducted Significant Discovery in the time period.**

Plaintiff has served defense counsel with four sets of discovery requests, which include Request for Admission (180 requests), Interrogatories and Request for Production. Further, the majority, if not all of the materials, provided to Plaintiff are items that she would have received in her criminal case, including the body worn videos she indicated were crucial for her review.

Plaintiff e-mailed defense counsel on January 5, 2024 requesting a 260 day extension of the discovery deadline. After inquiring as to the reason, Plaintiff indicated that she intended on sending additional interrogatories and request for admission given the recent disclosure of the body worn videos. I informed Plaintiff that I would accept additional discovery requests a week after the deadline, and she accepted my proposal. I also informed her that the body worn videos would not be different from the videos she would have already received in her criminal case. Plaintiff sent three additional sets of Requests for Admission and Interrogatories on January 15, 16 and the 22nd.

Plaintiff has had the opportunity and has engaged in substantive discovery. Her requests should be denied as there is no good cause justifying a prolonged extension

3

of discovery deadlines. Such an extension would substantially prejudice Defendants given that Plaintiff has had substantial time to conduct meaningful discovery and any extension would further delay dispositive motions Defendants intend to file. Further, defense counsel was not aware of Plaintiff's medical issues, as this was never previously discussed as an issue prohibiting her ability to prosecute her case.

Dated: Feb. 13, 2024

**HYDEE FELDSTEIN SOTO**, City Attorney
**DENISE C. MILLS,** Chief Deputy City Attorney
**SCOTT MARCUS,** Chief Asst. City Attorney
**CORY M. BRENTE**, Assistant City Attorney

By: /s/ *Shant Taslakian*
    **SHANT TASLAKIAN**
    Deputy City Attorney

*Attorneys for Defendants,*
**CITY OF LOS ANGELES, JOSE HERNANDEZ AND ERIC WATTS**

4

# DECLARATION OF SHANT TASLAKIAN

I, SHANT TASLAKIAN, do hereby declare that I have personal knowledge of the facts set forth below and if called as a witness in this case, I could and would competently testify as follows:

1. I am a Deputy City Attorney for the City of Los Angeles. In that capacity, I am one of the assigned attorneys representing Defendant City of Los Angeles ("Defendant"), in the case of *Jing Xu vs. City of Los Angeles, et al.,* Case No. *23CV01575-FLA (SP)*, now pending before this Court.

2. On February 6, 2024, Plaintiff filed First Request to Extend Discovery Cut-Off Date to September 3, 2024. I was not aware that this motion was going to be filed, as Plaintiff failed to meet and confer with me in accordance with Local Rule 7-3.

3. On January 5, 2024 Plaintiff contacted me requesting a 260 day extension of the discovery deadline. Given the substantial amount of time requested, the Parties discussed this issue telephonically. Plaintiff explained that she wanted to review the videos we were recently to draft further discovery requests. I informed her that the body worn videos she requested were identical to the videos she would have received in the criminal matter, and Plaintiff confirmed that she already had the body worn videos in her possession from the criminal case. I also agreed to a one-week extension from the January 16, 2024 cut-off, to allow Plaintiff additional time to review the body worn videos and send up to five requests for admission and interrogatories after review of the videos. On January 16, 2024, Plaintiff indicated that it seemed likely she would need to seek a formal extension from the Court, but indicated she would accept the one-week extension. She indicated this, despite submitting additional requests for admission and interrogatories pursuant to the review of the body worn videos. (See Exhibit 1)

4. Plaintiff subsequently sent three additional sets of Request for Admission and Interrogatories on January 15, 16 and 22nd. The new sets included a total of 15 requests for admission and 8 interrogatories. Prior to this, Plaintiff had sent *165* requests for admission. (See Exhibit 2)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 13, 2024, at Los Angeles, California.

/s/ *Shant G. Taslakian*
SHANT G. TASLAKIAN, Declarant