# EXHIBIT 2

# PLAINTIFF'S DISCOVERY REQUESTS PROPOUNDED TO DEFENDANT

# SETS 1, 2, 3, & 4

1  Jing Xu
2  Superbloom2020@Gmail.com
3  P.O. Box 51081
4  Irvine, CA 92619
5  (424)408 7861
6  Plaintiff in Pro Per
7
8
9

J. Taslakian
RECEIVED
SEP 2 5 2023
POLICE LITIGATION
VOL

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Jing Xu,

      Plaintiff,

   vs.

City of Los Angeles,

Los Angeles Police Department,

E. Watt, #43716, John Doe,

J. Velazquez, #42422, John Doe,

Hernandez, #43223, John Doe,

Maldonado, #43223, John Doe,

Lt. Sanchez, #25339, John Doe,

      Defendant.

Case No.: 2:23CV01575-FLA(SP)

**REQUESTS FOR ADMISSION**
**(F.R.C.P. 36)**

**PROPOUNDING PARTY: PLAINTIFF Jing Xu**
**RESPONDING PARTY: DEFENSE COUNSEL Shant Taslakian**
**SET NO.: ONE (1)**

1

**Plaintiff requests, pursuant to Federal Rule of Civil Procedure 36, that Defendants admit to the following within 30 days from service of these Requests for Admission:**

## REQUESTS FOR ADMISSION

### Initial 911 Calls and Police Arrival

1. Admit that Officer Watt, Officer Velazquez, Officer Hernandez, and Officer Maldonado (hereafter referred to collectively as "OFFICERS"), were aware, prior to arriving at the Plaintiff's residence, that it was Plaintiff who initially called 911 seeking protection against her spouse when she was experiencing domestic violence.

2. Admit that OFFICERS cognizant Plaintiff was in risk of danger based on the initial 911 call content.

3. Admit that OFFICERS were fully apprised of the entire content of the initial 911 call made by Plaintiff.

### Officers Conduct and Handling of the Spouse

4. Admit that it was Plaintiff's spouse Mr. Gu (referred to hereafter as "the SPOUSE"), who opened the door for Officers.

5. Admit that the SPOUSE exhibited no signs of danger to OFFICERS when he opened the door.

6. Admit that the SPOUSE had no weapons in his hands when he opened the door.

7. Admit that OFFICERS instructed the SPOUSE to get out of the door.

8. Admit that the SPOUSE complied OFFICERS' request, getting out the door accordingly.

9. Admit that Officer Velazquez physically manipulated the SPOUSE's arm, drawing him from inside to outside, as he was in the process of moving from indoor to outdoor.

10. Admit that OFFICERS handcuffed the SPOUSE immediately upon encountering him.

Requests for Admission

**EXHIBIT 2, PAGE 14**

11. Admit that OFFICERS handcuffed the SPOUSE immediately upon encountering him without apparent justification.

12. Admit that OFFICERS did not permit the SPOUSE any opportunity to speak before he was handcuffed.

13. Admit that one of OFFICERS directed the SPOUSE's head to face a wall.

14. Admit that one of OFFICERS shut a gate to confine the SPOUSE in a restricted aisle prior to interrogating him.

15. Admit that OFFICERS started the interrogation only after the SPOUSE was handcuffed and confined in the restricted aisle.

16. Admit that OFFICERS handcuffed and restrained the SPOUSE in the aisle during the entire duration of his interrogation.

17. Admit that, while handcuffed in the confined aisle, the SPOUSE was not at liberty to leave.

18. Admit that the SPOUSE remained handcuffed and confined in the restrained space for the duration of the entire process.

19. Admit that OFFICERS met and talked to the SPOUSE before interacting with Plaintiff in person that night.

20. Admit that the SPOUSE exhibited no behavior indicating a threat to OFFICERS at any point.

**Officer Watts's Actions before arrest**

21. Admit that Officer Watts obtained statements from the SPOUSE, acknowledging that he had pushed Plaintiff.

22. Admit that Officer Watts procured statements from the SPOUSE asserting that his actions were in self-defense.

23. Admit that Officer Watts obtained statements from the SPOUSE alleging that Plaintiff had hit him with a bottle.

3

Requests for Admission

24. Admit that Officer Watts collected statements from the SPOUSE alleging that Plaintiff had hit herself on her own head multiple time.

**Officer Velazquez's Actions before arrest**

25. Admit that Officer Velazquez engaged in conversation with Plaintiff.

26. Admit that during the conversation, Plaintiff clarified that her initial 911 call was a plea for protection because she was in danger of domestic violence.

27. Admit that Officer Velazquez received clarification from Plaintiff, who communicated that her second 911 call was intended to cancel police dispatch.

28. Admit that Officer Velazquez received clarification from Plaintiff, her second 911 call to cancel police dispatch, as the SPOUSE had ceased his violent behavior, and apologized.

29. Admit that Officer Velazquez received clarification from Plaintiff, her second 911 call to cancel police dispatch, as the SPOUSE assured non-recurrence of violence.

30. Admit that post-reception of information regarding the Plaintiff's second 911 call intended for police dispatch cancellation, Officer Velazquez sought verification from the 911 Call Dispatch Station to confirm the accuracy of Plaintiff's assertion.

31. Admit that, during this initial phase of inquiry, Officer Velazquez was the sole officer to have conducted a conversation with Plaintiff.

**Officer Interactions between Officer Watts & Officer Velazquez and Decision-Making**

32. Admit that Officer Watts conveyed the SPOUSE's statements to Officer Velazquez prior to validating whether there was any supporting evidence for those statements.

33. Admit that, throughout her interaction with Officer Watts, Officer Velazquez did not communicate any statements or information she received from Plaintiff.

34. Admit that Officer Velazquez, without reviewing any evidence, determined to arrest Plaintiff under Penal Code 243.

35. Admit that the decision by Officer Velazquez to arrest Plaintiff under Penal Code 243 was made immediately after receiving the SPOUSE's statements from Officer Watts.

4

36. Admit that Officer Watts exclusively conversed with the SPOUSE.

37. Admit that Officer Watts did not engage with Plaintiff throughout the procedure.

38. Admit that prior to the arrest of Plaintiff, Officer Watts was uninformed of Plaintiff's circumstances, including the statements, information, or any related evidence.

39. Admit that Officer Watts made the decision to arrest Plaintiff.

40. Admit that Officer Velazquez made the decision to arrest Plaintiff.

41. Admit that Officer Hernandez made the decision to arrest Plaintiff.

42. Admit that Officer Maldonado made the decision to arrest Plaintiff.

**Officers' Consideration of Evidence and Statements before handcuffed Plaintiff**

43. Admit that Officer Watts conducted an inquiry with the SPOUSE about the pertinence of the six videos correlated to the incident under scrutiny.

44. Admit that Officer Watts secured an acknowledgment from the SPOUSE affirming the relevance of the aforementioned six videos to the incident being investigation.

45. Admit that Officer Watts only proceeded to view the video located on the SPOUSE's phone subsequent to the resolution to arrest Plaintiff.

46. Admit that OFFICERS had unrestricted access to view the six incident-related videos on the SPOUSE's phone.

47. Admit that, despite having fully opportunity to review six incident-related videos, OFFICERS selected to scrutinize merely one at that juncture.

48. Admit that OFFICERS upon viewing the singular video evidence pertaining to the incident, noted they "could not observe the bottle making contact with the husband's head".

49. Admit that upon examination of the SPOUSE's head, OFFICERS noted that the SPOUSE "did not sustain any visible injuries, and no marks oddities were left due to injury."

50. Admit that OFFICERS instructed the SPOUSE to remove his clothing and conducted a meticulous inspection of the SPOUSE's body.

Requests for Admission

**EXHIBIT 2, PAGE 17**

51. Admit that after OFFICERS conducted inspection of the SPOUSE's body, finding no indications of physical injury, marks, or oddities resultant from any purported injury.

52. Admit that OFFICERS were aware of the initial 911 call made by Plaintiff reporting the aggressive conduct of her spouse towards her.

53. Admit that officer Watts was informed of the secondary 911 call made by Plaintiff, reporting her intention to rescind this incident.

54. Admit that officer Hernandez was informed of the secondary 911 call made by Plaintiff, reporting her intention to rescind this incident.

55. Admit that officer Maldonado was informed of the secondary 911 call made by Plaintiff, reporting her intention to rescind this incident.

56. Admit that Officer Velazquez was aware of the secondary 911 call made by Plaintiff expressing her intention to rescind this incident.

57. Admit that OFFICERS were aware of the conflict between the SPOUSE's statements and the 911 calls.

58. Admit that OFFICERS relied solely on the SPOUSE's statements to effectuate the Plaintiff's arrest.

**Officers Failure to Take Action Before the Arrest**

59. Admit that OFFICERS did not investigate the veracity of the SPOUSE's accusations.

60. Admit that OFFICERS were not aware of the video shooting time.

61. Admit that OFFICERS did not inquire with the SPOUSE when the video was shot.

62. Admit that OFFICERS were not aware of the video details, such as Plaintiff's attire, surroundings.

63. Admit that OFFICERS did not interrogate the SPOUSE regarding the details of the video.

64. Admit that OFFICERS neither verified nor queried the SPOUSE about potential edits or modifications made to the video.

65. Admit that OFFICERS were unable to comprehend the language spoken in the video footage during their review.

Requests for Admission

**EXHIBIT 2, PAGE 18**

66. Admit that OFFICERS did not inquire with the SPOUSE about the occurrences prior to the video recording of the video footage.

67. Admit that OFFICERS did not inquire with the SPOUSE about the occurrences subsequent to the recording of the video footage.

68. Admit that OFFICERS did not inquire with the SPOUSE whether Plaintiff was cognizant of him recording videos in front of her one the night February 4, 2020.

69. Admit that OFFICERS did not inquire with Plaintiff whether she was aware of her SPOUSE was recording videos in front of her face as potential evidence against her on the night February 4, 2020.

70. Admit that OFFICERS did not investigate who was the one initiated the action of violence.

71. Admit that OFFICERS did not investigate who was the primary aggressor during the incident.

72. Admit that OFFICERS did not verify with the SPOUSE whether Plaintiff indeed made a second 911 call to cancel the police arrival.

73. Admit that OFFICERS did not inquire with the SPOUSE regarding the reason behind Plaintiff's second 911 call intended to cancel police arrival.

74. Admit that OFFICERS did not examine whether Plaintiff had sustained injuries to her head.

75. Admit that OFFICERS did not examine whether Plaintiff had sustained injuries to any other part of her body except the neck.

76. Admit that OFFICERS did not investigate whether the actions of Plaintiff depicted in the video footage were taken in self-defense.

77. Admit that OFFICERS did not investigate whether Plaintiff's action during the entire incident were in self-defense.

78. Admit that OFFICERS did not investigate the inconsistencies between the SPOUSE's statements and the information relayed in the two 911 calls.

7

Requests for Admission

EXHIBIT 2, PAGE 19

79. Admit that OFFICERS did not apprise the SPOUSE of the potential consequences of providing false statements to police officers.

80. Admit that OFFICERS did not investigate whether Plaintiff was in duress or intimidation by the SPOUSE.

81. Admit that OFFICERS did not investigate whether Plaintiff was in duress or intimidation by the SPOUSE, thereby refraining from disclosing any acts of violence by the SPOUSE to the OFFICERS.

**Officer Hernandez or Maldonado's Action**

82. Admit that the Officer Hernandez inquired about the occupation of Plaintiff.

83. Admit that Officer Maldonado inquired about the occupation of Plaintiff.

84. Admit that the Officer Hernandez inquired about the home country of Plaintiff.

85. Admit that the Officer Maldonado inquired about the home country of Plaintiff.

86. Admit that the Officer Hernandez received statements from Plaintiff that she just returned to the USA from her home country of China.

87. Admit that the Officer Maldonado received statements from Plaintiff that she just returned to the USA from her home country of China.

88. Admit that the Officer Hernandez questioned Plaintiff regarding details of Covid-19 happening in China Wuhan.

89. Admit that the Officer Maldonado questioned Plaintiff regarding details of Covid-19 happening in China Wuhan.

90. Admit the Officer Hernandez talked to Plaintiff while Officer Watts was interrogating the SPOUSE.

91. Admit the Officer Maldonado talked to Plaintiff while Officer Watts was interrogating the SPOUSE.

**Immediate Aftermath of the handcuff of Plaintiff**

8

Requests for Admission

92. Admit that Officer Velazquez handcuffed Plaintiff immediately upon returning to Plaintiff's side after interacting with the SPOUSE.

93. Admit that Officer Velazquez did not interrogate Plaintiff before handcuffing her.

94. Admit that Officer Velazquez did not verify any evidence with Plaintiff before handcuffing her.

95. Admit that Plaintiff sought clarification why handcuffed her, when Officer Velazquez undertook to handcuffed Plaintiff.

96. Admit that Officer Velazquez received repeated request from Plaintiff seeking explanations why she was handcuff her.

97. Admit that when Officer Velazquez read the Miranda rights to Plaintiff, she persistently expressed inability to comprehend the meaning of the statement Officer Velazquez was reading.

98. Admit that Officer Hernandez prompted Plaintiff to respond "yes or no" to Officer Velazquez's recitation of the Miranda rights.

99. Admit that Officer Maldonado prompted Plaintiff to respond "yes or no" to Officer Velazquez's recitation of the Miranda rights.

100. Admit that Plaintiff uttered a singular "yes", subsequent to being prompted by Officer Hernandez.

101. Admit that Plaintiff uttered a singular "yes", subsequent to being prompted by Officer Maldonado.

102. Admit that, throughout the process, Plaintiff was never presented with the video that supposedly served as evidence against her.

103. Admit that Plaintiff denied hitting the SPOUSE with a bottle to Officer Velazquez.

104. Admit that Plaintiff maintained her innocence consistently throughout the entire process.

105. Admit that Plaintiff requested Officer Velazquez to examine her exculpatory evidence multiple times.

9

Requests for Admission

106.     Admit that Plaintiff requested Officer Velazquez to compare the timing of the video recording with the timing of her 911 calls multiple times.

107.     Admit that Plaintiff repeatedly implored Officer Velazquez to scrutinize the video details very carefully multiple times.

108.     Admit that Officer Velazquez received statements from Plaintiff that emphasized her physical weakness as a reason it was impossible of her hitting her spouse.

109.     Admit that Officer Velazquez received statements from Plaintiff insisting she was the victim.

110.     Admit that Officer Velazquez received statements from Plaintiff asserting that Officer Velazquez had misidentified the aggressor and the victim.

111.     Admit that Officer Velazquez received statements from Plaintiff asserting that it was the SPOUSE who threatened Plaintiff, not Plaintiff who threatened the SPOUSE.

112.     Admit that Officer Velazquez received statements from Plaintiff insisting she called 911 for her personal protection.

113.     Admit that Officer Velazquez received statements from Plaintiff indicating that the SPOUSE apologized and expressed a desire not to escalate the situation to Plaintiff, prior to the arrival of the OFFICERS.

114.     Admit that Officer Velazquez received statements from Plaintiff indicating that the SPOUSE apologized and expressed a desire not to escalate the situation, leading Plaintiff to withhold information about the SPOUSE's violence.

115.     Admit that Plaintiff communicated to Officer Velazquez she would not go with Officers unless her exculpatory evidence was duly examined.

116.     Admit that Plaintiff communicated to officer Velazquez she would not go with her unless Officers reviewed the specific video details and shooting time that officer Velazquez referenced as basis for her arrest.

117.     Admit that Officer Velazquez ignored Plaintiff's pleas to review her exculpatory evidence.

Requests for Admission

**EXHIBIT 2, PAGE 22**

118.     Admit that Officer Velazquez disregarded Plaintiff's pleas to review the specific video details and shooting time that officer Velazquez referenced as the basis for her arrest.

119.     Admit that Officer Velazquez multiple times agreed to Plaintiff's requests for a continued investigation to examine the video details and shooting time during the arrest.

120.     Admit that Officer Velazquez agreed to Plaintiff's requests for a continued investigation to examine the video details and shooting time during the arrest.

121.     Admit that Officer Velazquez received Plaintiff's multiple requests from Plaintiff, imploring an immediate examination of her evidence, such as the video shooting time and other details.

122.     Admit that Officer Velazquez received Plaintiff's multiple requests from Plaintiff, imploring an immediate examination of her evidence first, then get back to her to decide whether to arrest her.

123.     Admit that Officer Velazquez declined Plaintiff's requests to immediately check her evidence and then get back to her, reconsider her arrest.

124.     Admit that, immediately before instructing Plaintiff to "go downstairs", Officer Velazquez agreed to Plaintiff that she would conduct further investigation into the incident, in response to Plaintiff repeated requests to examine Plaintiff's exculpatory evidence.

125.     Admit that Officer Velazquez conditioned further examination of the video evidence, on Plaintiff's compliance to proceed downstairs.

126.     Admit that Officer Velazquez did not clarify to Plaintiff that "go downstairs" would effectively mean her formal arrest.

127.     Admit that Officer Velazquez was the sole officer interacting with Plaintiff during the arrest process.

128.     Admit that Officer Velazquez failure to honor Plaintiff's requests to review the video details and shooting time that officer Velazquez referenced as basis for the arrest.

129.     Admit that Officer Velazquez failure to review Plaintiff's exculpatory evidence.

11

**After Plaintiff Arrest/ Officers' misconduct**

130.     Admit that post arrest, OFFICERS did not continue the investigation to verify the time at which the video was shot.

131.     Admit that post arrest, OFFICERS did not continue the investigation to scrutinize the video details.

132.     Admit that, despite the repeated requests from the Plaintiff, OFFICERS did not continue the investigation to conduct a comparative analysis and comparisons between the time the video was shot and the time of the 911 call.

133.     Admit that Officer Velazquez committed to review exculpatory evidence but subsequently failed to fulfill this commitment.

134.     Admit that OFFICERS arrested Plaintiff without established Probable Cause.

**Police Department**

135.     Admit that once at the police department, Officer Velazquez was informed by some Officer that Plaintiff insisted to talk to her again.

136.     Admit that once Officer Velazquez came to talk to Plaintiff again at the police department, Plaintiff insisted her innocence.

137.     Admit that once Officer Velazquez came to talk to Plaintiff again at the police department, she received statements from Plaintiff that the Officers had misidentified the aggressor and the victim.

138.     Admit that once Officer Velazquez came to talk to Plaintiff again at the police department, she received statements from Plaintiff that she was sick, and it was impossible to have ability to hit her spouse.

139.     Admit that once Officer Velazquez came to talk to Plaintiff again at the police department, she received requests from Plaintiff for further investigations.

140.     Admit that at the police department, Officer Velazquez told Plaintiff that there would be no further investigations.

Requests for Admission
**EXHIBIT 2, PAGE 24**

141.     Admit that at the police department, Officer Velazquez told Plaintiff that she was under arrest.

**Additional Conduct and Evidence**

142.     Admit that there was no third-party witness in this incident on February 5,2020.

143.     Admit that the entire incident involved only two people, which were Plaintiff and her spouse.

144.     Admit that throughout the entire process, from the beginning to the end, Plaintiff was fully complying with the OFFICERS' order.

145.     Admit that throughout the entire process, from the beginning to the end, Plaintiff posed no observable threaten to OFFICERS.

146.     Admit that throughout the entire process, from the beginning to the end, the SPOUSE was fully complying with the OFFICERS' order.

147.     Admit that throughout the entire process, from the beginning to the end, the SPOUSE exhibited no actions indicating a danger to OFFICERS.

148.     Admit that OFFICERS maintained control over the situation throughout the entire process.

149.     Admit that OFFICERS maintained control over the investigation, interactions with involved individuals, and decision-making throughout the entire process.

150.     Admit that OFFICERS were not exposed to any danger from either the individuals present or the surroundings throughout the entire process.

151.     Admit that no individual presented any danger to OFFICERS throughout the entire process.

152.     Admit that OFFICERS handcuffed both Plaintiff and her spouse.

153.     Admit that OFFICERS handcuffed the SPOUSE throughout the entire process, from the beginning upon encountering him to the end, when Plaintiff was taken away.

154.     Admit that OFFICERS did not release the SPOUSE until after OFFICERS had arrested Plaintiff and taken her away.

13

155. Admit that the OFFICERS formally arrested Plaintiff under Penal Code Section 243.

156. Admit that Officer Watts did not talk to Plaintiff throughout the entire process.

157. Admit that if OFFICERS had followed Plaintiff's request to check her exculpatory evidence at the time they arrested her, it would have led to a different decision.

158. Admit that OFFICERS did not establish probable cause for the arrest.

Police Report

159. Admit that Officer Watts was the one who wrote the Police Report.

160. Admit that Officer Velazquez was the one who wrote the Police Report.

161. Admit that Officer Hernandez was the one who wrote the Police Report.

162. Admit that Officer Maldonado was the one who wrote the Police Report.

163. Admit that the Officer, who authored the Police Report, did not review the bodycam footage.

164. Admit that the Officer, who authored the Police Report, did not obtain information and statements of Plaintiff from Officer Velazquez.

165. Admit that Officer Lt. Sanchez was the one who made decision to file the criminal case against Plaintiff.

Each of the Requests for Admission is to be deemed admitted unless, within 30 days, the Defendant serves on the Plaintiff written answers or objections.

Date: 9.23.2023

ιℵ
Jing Xu

Plaintiff in Pro Se

14

1  Jing Xu

2  Superbloom2020@Gmail.com

3  P.O. Box 51081

4  Irvine, CA 92619

5  (424)408 7861

6  Plaintiff in Pro Per

7

8

9

10                **UNITED STATES DISTRICT COURT**

11                **CENTRAL DISTRICT OF CALIFORNIA**

12

13  Jing Xu,                                    Case No.: 2:23CV01575-FLA(SP)

14              Plaintiff,

15        vs.                                   **PROOF OF SERVICE BY MAIL**

16  City of Los Angeles,

17  Los Angeles Police Department,

18  E. Watt, #43716, John Doe,

19  J. Velazquez, #42422, John Doe,

20  Hernandez, #43223, John Doe,

21  Maldonado, #43223, John Doe,

22  Lt. Sanchez, #25339, John Doe,

23              Defendant.

24

25

26     I,  Jing Xu , declare as follows:

27        My address is  P.O. Box 51081, Irvine CA 92619  , which is located in the

28  county where the mailing described below took place.

1

1  On _____ September 23, 2023 _____, I served the document(s) described as:

2  Requests For Admission

3

4  On all interested parties in this action by placing a true and correct copy thereof

5  in a sealed envelope, with first-class postage prepaid thereon, and deposited said

6  envelop in the United States mail at or in _____ Lake Forest  California,

7  addressed to:

8  Shant Sevag Gabriel Taslakian

9  Los Angeles City Attorney

10  200 North Main Street

11  6th Floor, City Hall East

12  Los Angeles, CA 90012

13

14  I declare under penalty of perjury that the foregoing is true and correct.

15  Executed _____ on September 23, 2023 _____ at _____ Lake Forest  California.

16

17

18                                    _____|x_____

19                                    Jing Xu

20

21

22

23

24

25

26

27

28

2

Proof of Service by Mail

**EXHIBIT 2, PAGE 28**

1  Jing Xu

2  Superbloom2020@Gmail.com

3  P.O. Box 51081

4  Irvine, CA 92619

5  (424)408 7861

6  Plaintiff in Pro Per

J. Taslakian
**RECEIVED**
SEP 2 5 2023
POLICE LITIGATION
VOL

7

8

9

10              **UNITED STATES DISTRICT COURT**

11              **CENTRAL DISTRICT OF CALIFORNIA**

12

13  Jing Xu,                          Case No.: 2:23CV01575-FLA(SP)

14              Plaintiff,

15       vs.                          **INTERROGATORIES**

16  City of Los Angeles,              **(F.R.C.P. 33)**

17  Los Angeles Police Department,

18  E. Watt, #43716, John Doe,

19  J. Velazquez, #42422, John Doe,

20  Hernandez, #43223, John Doe,

21  Maldonado, #43223, John Doe,

22  Lt. Sanchez, #25339, John Doe,

23              Defendant.

24

25  **PROPOUNDING PARTY: PLAINTIFF Jing Xu**

26  **RESPONDING PARTY: DEFENSE COUNSEL Shant Taslakian**

27  **SET NO.: ONE (1)**

28

**Plaintiff requests, Pursuant to Federal Rule of Civil Procedure 33, that Defendants answer the following within 30 days after service of these Interrogatories:**

## INTERRROGATORIES

**Interrogatories Directed to Defendant Officer Velazquez**

1. Detail your understanding of the events and circumstances that led up to, influenced, and followed your decision to handcuff Plaintiff on February 5, 2020, including but not limited to all evidence your reviewed or considered in connection with making that decision.

2. Did you take any actions in response to Plaintiff's repeat requests to check her exculpatory evidence? If so, please describe these actions in detail. If not, please specify your reasons for not doing so.

3. Detail the instructions and representations you gave to the Plaintiff regarding her "go downstairs," including your stated reasons and intentions at the time for giving such instructions and representations. Subsequently, clarify the sequence of actions taken immediately after the Plaintiff complied with the instructions to "go downstairs," including any steps taken to effectuate an arrest, and the timing of those actions relative to any purported investigation."

4. Identify all statements made by Plaintiff at the scene concerning her innocence and describe any and all evidence, whether exculpatory or inculpatory, that you became aware of either before or after the Plaintiff's arrest that tends to show her innocence. Additionally, detail the steps you undertook to investigate the evidence.

**Interrogatories Directed to all Officers**

All Officers, including Officer Watts, Officer Velazquez, Officer Hernandez, and Officer Maldonado.

2

Interrogatories

EXHIBIT 2, PAGE 30

5. Do you contend that you had established Probable Cause to arrest Plaintiff? If so, please list, describe, and detail all evidence you collected, considered or reviewed that provided the basis for your determination of Probable Cause to arrest Plaintiff.

6. Describe in detail any and all efforts, actions, or measures you made to investigate and verify the veracity and credibility of the spouse's accusations against Plaintiff.

Date: 9.23.2023

Jing Xu

Plaintiff in Pro Se

3

1  Jing Xu

2  Superbloom2020@Gmail.com

3  P.O. Box 51081

4  Irvine, CA 92619

5  (424)408 7861

6  Plaintiff in Pro Per

7

8

9

10              **UNITED STATES DISTRICT COURT**

11              **CENTRAL DISTRICT OF CALIFORNIA**

12

13  Jing Xu,                              Case No.: 2:23CV01575-FLA(SP)

14          Plaintiff,

15      vs.                               **PROOF OF SERVICE BY MAIL**

16  City of Los Angeles,

17  Los Angeles Police Department,

18  E. Watt, #43716, John Doe,

19  J. Velazquez, #42422, John Doe,

20  Hernandez, #43223, John Doe,

21  Maldonado, #43223, John Doe,

22  Lt. Sanchez, #25339, John Doe,

23          Defendant.

24

25

26      I,  Jing Xu , declare as follows:

27          My address is  P.O. Box 51081, Irvine CA 92619  , which is located in the

28  county where the mailing described below took place.

1

**EXHIBIT 2, PAGE 32**

On _____ September 23, 2023 _____, I served the document(s) described as:

Requests For Interrogatories

 

   On all interested parties in this action by placing a true and correct copy thereof in a sealed envelope, with first-class postage prepaid thereon, and deposited said envelop in the United States mail at or in _____ Lake Forest  California, addressed to:

Shant Sevag Gabriel Taslakian

Los Angeles City Attorney

200 North Main Street

6th Floor, City Hall East

Los Angeles, CA 90012

 

I declare under penalty of perjury that the foregoing is true and correct.

Executed _____ on September 23, 2023 _____ at _ Lake Forest  California.

 

 

_____ LX _____

Jing Xu

Proof of Service by Mail

**EXHIBIT 2, PAGE 33**

1  Jing Xu

2  Superbloom2020@Gmail.com

3  P.O. Box 51081

4  Irvine, CA 92619

5  (424)408 7861

6  Plaintiff in Pro Per

S.Taslakian
RECEIVED
SEP 25 2023
POLICE LITIGATION
VCL

7

8

9

10             **UNITED STATES DISTRICT COURT**

11            **CENTRAL DISTRICT OF CALIFORNIA**

12

13  Jing Xu,                          Case No.: 2:23CV01575-FLA(SP)

14            Plaintiff,

15       vs.                          **REQUESTS FOR PRODUCTION**

16  City of Los Angeles,              **(F.R.C.P. 34 (A))**

17  Los Angeles Police Department,

18  E. Watt, #43716, John Doe,

19  J. Velazquez, #42422, John Doe,

20  Hernandez, #43223, John Doe,

21  Maldonado, #43223, John Doe,

22  Lt. Sanchez, #25339, John Doe,

23            Defendant.

24

25  **PROPOUNDING PARTY: PLAINTIFF Jing Xu**

26  **RESPONDING PARTY: DEFENSE COUNSEL Shant Taslakian**

27  **SET NO.: ONE (1)**

28

**Pursuant to Federal Rule of Civil Procedure 34(a), Plaintiff requests that Defendants respond to Plaintiff's Request for Production within thirty days.**

**These Requests shall be answered in writing within thirty days from the date of serve and produce and permit inspection and copying of the documents.**

## REQUESTS FOR PRODUCTION

1. Defendants are required to produce the following documents for inspection or copying, ALL Legal Report pertinent to this case (Case Number: 0AR00237), including Police Report & Discovery Report, in a hardcopy or electronic copies format.

2. Defendants are required to produce the following documents for inspection or copying, ALL bodycam tapes pertinent to this case from February 5,2020, through February 7, 2020, in an electronic copies format.

3. Defendants are required to produce the following documents for inspection or copying, ALL bodycam tapes pertinent to this case from February 5,2020, through February 7, 2020, especially including all the bodycam recordings made during Plaintiff was transported, and the whole process took Plaintiff from jail to hospital, in the hospital, and from hospital to another jail. Please provide the recordings in an electronic format.

4. Defendants are required to produce the following documents for inspection or copying, Recordings of all 911 calls & 911 dispatch calls pertinent to this case from February 4,2020, through February 7, in an electronic copies format.

5. Defendants are required to produce the following documents, ALL Officers' Misconduct History Records from the date they employed for LAPD to now, in an electronic copies format or a hardcopy format.

2

**EXHIBIT 2, PAGE 35**

1

2      6. Defendants are required to produce the following documents,

3         ALL Officers' Background Records from the date they employed for LAPD to now, in an

4         electronic copies format or a hardcopy format.

5

6      7. Defendants are required to produce the following documents,

7         ALL Officers' Personnel Records & Employment Records from the date they employed

8         for LAPD to now, in an electronic copies format or a hardcopy format.

9

10     8. Defendants are required to produce the following documents,

11        Personal information of Officer St. Sanchez, #25339, including this Officer's full name

12        and address.

13

14     9. Defendants are required to produce the following documents,

15        All Plaintiff's Jail Records from February 5, 2020—February 7, 2020, in an electronic

16        copies format or a hardcopy format.

17

18     10. Defendants are required to produce the following documents,

19        All Plaintiff's Hospitalization Records when Plaintiff was sent to the hospital due to her

20        sickness in jail, from February 5, 2020—February 7, 2020, in an electronic copies format

21        or a hardcopy format.

22

23     11. Defendants are required to produce the following documents,

24        All Plaintiff's Bail Records, from February 5, 2020—February 7, 2020, in an electronic

25        copies format or a hardcopy format.

26

27     12. Defendants are required to produce the following documents,

28

3

Requests for Production

**EXHIBIT 2, PAGE 36**

1        Any Documents, reports, records, communications pertinent to this case, from February

2        5, 2020—February 7, 2020, in an electronic copies format or a hardcopy format.

3

4   Defendants are required to produce all above documents to Plaintiff by October 24, 2023. Please

5   send to Email address: superbloom2020@gmail.com for all electronic format copies; to address

6   P.O. Box 51081 Irvine, CA 92619, for all physical copies. Defendant may append copies of the

7   requested documents to its response to Plaintiff's request for Production of Documents.

8

9   Date: 9.23.2023

10

11                               Jing Xu

12                           Plaintiff in Pro Se

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT 2, PAGE 37**

Jing Xu

Superbloom2020@Gmail.com

P.O. Box 51081

Irvine, CA 92619

(424)408 7861

Plaintiff in Pro Per

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jing Xu,<br>                Plaintiff,<br>        vs.<br>City of Los Angeles,<br>Los Angeles Police Department,<br>E. Watt, #43716, John Doe,<br>J. Velazquez, #42422, John Doe,<br>Hernandez, #43223, John Doe,<br>Maldonado, #43223, John Doe,<br>Lt. Sanchez, #25339, John Doe,<br>                Defendant. | Case No.: 2:23CV01575-FLA(SP)<br><br>**PROOF OF SERVICE BY MAIL** |

I, _Jing Xu_ , declare as follows:

My address is _P.O. Box 51081, Irvine CA 92619_ , which is located in the county where the mailing described below took place.

1

**EXHIBIT 2, PAGE 38**

1    On ____September 23, 2023____, I served the document(s) described as:

2    Requests For Production

3

4    On all interested parties in this action by placing a true and correct copy thereof

5    in a sealed envelope, with first-class postage prepaid thereon, and deposited said

6    envelop in the United States mail at or in ____Lake Forest  California,

7    addressed to:

8    Shant Sevag Gabriel Taslakian

9    Los Angeles City Attorney

10   200 North Main Street

11   6th Floor, City Hall East

12   Los Angeles, CA 90012

13

14   I declare under penalty of perjury that the foregoing is true and correct.

15   Executed ____on September 23, 2023____ at ____Lake Forest  California.

16

17

18   ----------X----------

19                        Jing Xu

20

21

22

23

24

25

26

27

28

2

Rec'd by ST via email 01/15/24

Jing Xu

Superbloom2020@Gmail.com

P.O. Box 51081

Irvine, CA 92619

(424)408 7861

Plaintiff in Pro Per

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jing Xu,<br><br>        Plaintiff,<br><br>    vs.<br><br>City of Los Angeles,<br>Los Angeles Police Department,<br>E. Watt, #43716, John Doe,<br>J. Velazquez, #42422, John Doe,<br>Hernandez, #43223, John Doe,<br>Maldonado, #43223, John Doe,<br>Lt. Sanchez, #25339, John Doe,<br>        Defendant. | Case No.: 2:23CV01575-FLA(SP)<br><br>**REQUESTS FOR ADMISSION**<br>**(F.R.C.P. 36)** |

**PROPOUNDING PARTY: PLAINTIFF Jing Xu**
**RESPONDING PARTY: DEFENSE COUNSEL Shant Taslakian**
**SET NO.: TWO (2)**

**Plaintiff requests, pursuant to Federal Rule of Civil Procedure 36, that Defendants admit to the following within 30 days from service of these Requests for Admission:**

## REQUESTS FOR ADMISSION

**Before Police Arrival Plaintiff's residence**

166.     Admit that Officer Watt, Officer Velazquez, Officer Hernandez, and Officer Maldonado (Hereafter refereed to collectively as "OFFICERS") were aware that it was plaintiff who called 911 seeking protection.


**Officer Velazquez's Actions before handcuffing Plaintiff**

167.     Admit that Officer Velazquez received a statement from Plaintiff that it was Plaintiff called 911.

168.     Admit that Officer Velazquez received a statement from Plaintiff that Plaintiff had called 911 to cancel this incident.

169.     Admit that Officer Velazquez received a statement from Plaintiff that Plaintiff had called 911 for cancelation because her husband said: "I'm wrong".


**Immediate Aftermath of the handcuff of Plaintiff**

170.     Admit that Officer Velazquez arrested Plaintiff without a warrant.

171.     Admit that Officer Velazquez received a request from Plaintiff to check "what the time of that video record."

172.     Admit that Officer Velazquez received a request from Plaintiff to check the 911 call time

173.     Admit that Officer Velazquez received a request from Plaintiff to "check the video very carefully."

174.     Admit that Officer Velazquez received a request from Plaintiff to "check when I made the call to police and when that video made."

175.     Admit that Officer Velazquez received a statement from Plaintiff that her husband "doesn't want to make things big, so he said sorry to me."

Each of the Requests for Admission is to be deemed admitted unless, within 30 days, the Defendant serves on the Plaintiff written answers or objections.

Date: 1.15.2024

⟋X

Jing Xu

Plaintiff in Pro Se

**EXHIBIT 2, PAGE 42**

Rec'd by ST via email
1/15/24

Jing Xu

Superbloom2020@Gmail.com

P.O. Box 51081

Irvine, CA 92619

(424)408 7861

Plaintiff in Pro Per

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jing Xu, | Case No.: 2:23CV01575-FLA(SP) |
|        Plaintiff, | |
|    vs. | **INTERROGATORIES** |
| City of Los Angeles, | **(F.R.C.P. 33)** |
| Los Angeles Police Department, | |
| E. Watt, #43716, John Doe, | |
| J. Velazquez, #42422, John Doe, | |
| Hernandez, #43223, John Doe, | |
| Maldonado, #43223, John Doe, | |
| Lt. Sanchez, #25339, John Doe, | |
|       Defendant. | |

**PROPOUNDING PARTY: PLAINTIFF Jing Xu**
**RESPONDING PARTY: DEFENSE COUNSEL Shant Taslakian**
**SET NO.: TWO (2)**

**Plaintiff requests, Pursuant to Federal Rule of Civil Procedure 33, that Defendants answer the following within 30 days after service of these Interrogatories:**

## <u>INTERRROGATORIES</u>

**<u>Interrogatories Directed to Officer Velazquez and Hernandez</u>**

    7.  Why you handcuffed Plaintiff's husband?

    8.  Do you have Probable Cause to handcuff Plaintiff's husband?


**<u>Interrogatories Directed to Officer Velazquez</u>**

    9.  Why you handcuffed Plaintiff?


Date: 1.15.2024

                                        Jing Xu

                                        Plaintiff in Pro Se

1    Jing Xu

2    Superbloom2020@Gmail.com

3    P.O. Box 51081

4    Irvine, CA 92619

5    (424)408 7861

6    Plaintiff in Pro Per

7

8

9

10            **UNITED STATES DISTRICT COURT**

11            **CENTRAL DISTRICT OF CALIFORNIA**

12

13    Jing Xu,                   Case No.: 2:23CV01575-FLA(SP)

14          Plaintiff,

15       vs.                 **REQUESTS FOR ADMISSION**

16    City of Los Angeles,       **(F.R.C.P. 36)**

17    Los Angeles Police Department,

18    E. Watt, #43716, John Doe,

19    J. Velazquez, #42422, John Doe,

20    Hernandez, #43223, John Doe,

21    Maldonado, #43223, John Doe,

22    Lt. Sanchez, #25339, John Doe,

23          Defendant.

24

25    **PROPOUNDING PARTY: PLAINTIFF Jing Xu**

26    **RESPONDING PARTY: DEFENSE COUNSEL Shant Taslakian**

27    **SET NO.: THREE (3)**

28

**EXHIBIT 2, PAGE 45**

**Plaintiff requests, pursuant to Federal Rule of Civil Procedure 36, that Defendants admit to the following within 30 days from service of these Requests for Admission:**

### REQUESTS FOR ADMISSION

176.      Admit that Officer Hernandez closed the "Exit Gate" during the interrogation of Plaintiff's husband.

Date: 1.15.2024

Jing Xu

Plaintiff in Pro Se

2

**EXHIBIT 2, PAGE 46**

1  Jing Xu
2  Superbloom2020@Gmail.com
3  P.O. Box 51081
4  Irvine, CA 92619
5  (424)408 7861
6  Plaintiff in Pro Per
7
8
9
10              **UNITED STATES DISTRICT COURT**
11              **CENTRAL DISTRICT OF CALIFORNIA**
12
13  Jing Xu,                          Case No.: 2:23CV01575-FLA(SP)
14           Plaintiff,
15        vs.                         **PROOF OF SERVICE BY MAIL**
16  City of Los Angeles,
17  Los Angeles Police Department,
18  E. Watt, #43716, John Doe,
19  J. Velazquez, #42422, John Doe,
20  Hernandez, #43223, John Doe,
21  Maldonado, #43223, John Doe,
22  Lt. Sanchez, #25339, John Doe,
23           Defendant.
24
25
26      I,  Jing Xu , declare as follows:
27      My address is  P.O. Box 51081, Irvine CA 92619  , which is located in the
28  county where the mailing described below took place.

1

**EXHIBIT 2, PAGE 47**

1    On _____January 16, 2024_____, I served the document(s) described as:

2    Request for Admission Set Three

3

4    On all interested parties in this action by placing a true and correct copy thereof

5    in a sealed envelope, with first-class postage prepaid thereon, and deposited said

6    envelop in the United States mail at or in _____Lake Forest  California,

7    addressed to:

8    Shant Sevag Gabriel Taslakian

9    Los Angeles City Attorney

10    200 North Main Street

11    6th Floor, City Hall East

12    Los Angeles, CA 90012

13

14    I declare under penalty of perjury that the foregoing is true and correct.

15    Executed _____on January 16, 2024_____ at _____Lake Forest  California.

16

17

18                                              Ly
                                    _____

19                                            Jing Xu

20

21

22

23

24

25

26

27

28

Jing Xu

Superbloom2020@Gmail.com

P.O. Box 51081

Irvine, CA 92619

(424)408 7861

Plaintiff in Pro Per


# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jing Xu,<br><br>        Plaintiff,<br><br>    vs.<br><br>City of Los Angeles,<br>Los Angeles Police Department,<br>E. Watt, #43716, John Doe,<br>J. Velazquez, #42422, John Doe,<br>Hernandez, #43223, John Doe,<br>Maldonado, #43223, John Doe,<br>Lt. Sanchez, #25339, John Doe,<br>       Defendant. | Case No.: 2:23CV01575-FLA(SP)<br><br>**REQUESTS FOR ADMISSION**<br>**(F.R.C.P. 36)** |

**PROPOUNDING PARTY: PLAINTIFF Jing Xu**
**RESPONDING PARTY: DEFENSE COUNSEL Shant Taslakian**
**SET NO.: THREE (3)**

**Plaintiff requests, pursuant to Federal Rule of Civil Procedure 36, that Defendants admit to the following within 30 days from service of these Requests for Admission:**

### REQUESTS FOR ADMISSION

177.    Admit that Officer Hernandez conducted a pat-down search for weapons on the Plaintiff's spouse.

178.    Admit that Officer Hernandez did not find any weapons on the plaintiff's spouse during the pat-down search.

179.    Admit Officer Watts received statements from the Plaintiff's spouse that the incident occurred "only in the upstairs".

180.    Admit that Officer Velazquez received answer from Plaintiff that the incident took place "before that first 911 call".

Date: 1.22.2024

*LX*

Jing Xu

Plaintiff in Pro Se

Jing Xu

Superbloom2020@Gmail.com

P.O. Box 51081

Irvine, CA 92619

(424)408 7861

Plaintiff in Pro Per

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jing Xu,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>City of Los Angeles,<br><br>Los Angeles Police Department,<br><br>E. Watt, #43716, John Doe,<br><br>J. Velazquez, #42422, John Doe,<br><br>Hernandez, #43223, John Doe,<br><br>Maldonado, #43223, John Doe,<br><br>Lt. Sanchez, #25339, John Doe,<br><br>　　　　　Defendant. | Case No.: 2:23CV01575-FLA(SP)<br><br>**INTERROGATORIES**<br><br>**(F.R.C.P. 33)** |

**PROPOUNDING PARTY: PLAINTIFF Jing Xu**

**RESPONDING PARTY: DEFENSE COUNSEL Shant Taslakian**

**SET NO.: THREE (3)**

Set 4, mislabeled as Set 3
EXHIBIT 2, Pg.51

**Plaintiff requests, Pursuant to Federal Rule of Civil Procedure 33, that Defendants answer the following within 30 days after service of these Interrogatories:**

## <u>INTERRROGATORIES</u>

### <u>Interrogatories Directed to Officer Velazquez, Officer Watts, Officer Hernandez, and Officer Maldonado</u>

14. Did you investigate the veracity of the accusations made by the plaintiff's spouse alleging that the plaintiff was the aggressor in the incident?

Date: 1.22.2024

$\angle X$

Jing Xu

Plaintiff in Pro Se