Jin Xu

Superbloom2020@Gmail.com

P.O. Box 51081

Irvine, CA 92619

(424)408 7861

Plaintiff in Pro Per

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jin Xu,<br>          Plaintiff,<br>   vs.<br>City of Los Angeles,<br>Los Angeles Police Department,<br>E. Watt, #43716, John Doe,<br>J. Velazquez, #42422, John Doe,<br>Hernandez, #43223, John Doe,<br>Maldonado, #43223, John Doe,<br>Lt. Sanchez, #25339, John Doe,<br>          Defendant. | Case No.: 2:23CV01575-FLA(SP)<br><br>**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S REQUEST TO EXTEND DISCOVERY CUT-OFF DATE TO 9-3-2024** |

   This response addresses Defendants' Opposition to Plaintiff's First Request for Extend Discovery Cut-off Date to September 3, 2024, filed by Defense counsel, accompanied by Defense Counsel's Declaration.

I. **Plaintiff's Compliance with Local Rule 7-3 Meet-and-Confer requirements**

Contrary to Defense counsel's assertions, Plaintiff adhered to the Meet and Confer process as mandated by Local Rule 7-3, as demonstrated through email correspondence and a telephone conference, detailed in Defense Counsel's opposition Exhibit 1, pages 8 to 10.

**First,** Defense Counsel incorrectly noted that Plaintiff informed him on January 16, 2024, about the intention to seek an extension. However, Plaintiff initiated the Meet and Confer process via email on January 5, 2024, at 4:31 PM, not January 16, 2024. Reference to this initiation can be found in Defense Counsel's opposition Exhibit 1, Page 8, titled "Request for Extension of Discovery Deadline."

**Second**, the claim by Defense Counsel that the specifics of this motion were not discussed telephonically is inaccurate. On January 8, 2024, upon Defense Counsel's request for a telephone discussion, Plaintiff complied and engaged in a 27-minute conversation starting at 4:03 PM, where Plaintiff articulated the impact of Defense Counsel's delays on the discovery process and clarified the calculation of the requested 260-day extension period. Confirmation of this discussion is noted by Defense Counsel's own acknowledgment of the call's utility in the subsequent email in Defense Counsel's opposition Exhibit 1, Page 8 to9, the defense counsel clearly admitted this phone call in the Email:" I am glad we took the time for the call." Moreover, Plaintiff informed the defense counsel that Plaintiff have an appointment to see doctor due to Plaintiff current health concerns during the phone call.

1  It is pertinent to clarify that the Local Rule 7-3 does not mandate that the Meet and
2  Confer process be conducted via both email and telephone, though Plaintiff
3  accommodated both methods for this request for extension. If Defense Counsel
4  deems both methods necessary in the future, a formal discussion between parties or
5  a court order delineating such a requirement may be appropriate.

7  **Third**, it is critical to highlight that this is the second instance where Defense
8  Counsel has objected to Plaintiff's requests based on unsubstantiated claims,
9  specifically regarding the failure to Meet and Confer as per Local Rule 7-3.
10 Previously, Defense Counsel opposed Plaintiff's request for an extension for a
11 motion to strike (Docket Document 51) on the grounds that Plaintiff did not
12 comply with Meet and Confer obligations, a claim proven unfounded by Plaintiff
13 with supporting email evidence (Docket Document 53).

15 Considering this egregious misrepresentation made by the defense counsel,
16 Plaintiff respectfully implores the Court to treat this matter with utmost
17 seriousness. This misrepresentation does not merely distort the truth, but it
18 compromises the integrity of the legal process and unjustly prejudices Plaintiff's
19 case.

22  II.  **Clarification of Misstated Facts by Defense Counsel**

24  **First**, Defense Counsel's claim that Plaintiff seeks additional requests for
25 interrogatories and admission solely due to the recent disclosure of body-worn
26 videos is a misrepresentation. Plaintiff's Request for extension encompasses the
27 entire discovery period and is not limited to these particular discovery admission
28 and interrogatories. No such limitation was discussed or implied in any prior

1 communications, as evidenced by the comprehensive exchange of emails and the
2 details of the telephonic conversation held on the matter.
3
4 The real fact is:
5 The defense counsel, who got confused of the discovery request for admissions and
6 interrogatories cut-off date, sending email to Plaintiff, complaining Plaintiff sent
7 the request for admissions and interrogatories Set II& III on January 16, 2024,
8 which is after the cut-off date. Plaintiff gave response that the deadline for request
9 for admission and interrogatories is January 16, 2024, which is the same day the
10 defense counsel's assistant Melinda Crowe, sent Plaintiff their request for
11 productions and interrogatories to Plaintiff. In the other hand, if Plaintiff's requests
12 are out of the deadline, so the defense counsel's assistant has sent their requests
13 after the deadline too. Moreover, the defense counsel thought the discovery request
14 for admission and interrogatories are based on the new bodycam videos he sent to
15 Plaintiff. Plaintiff explained clearly in the Email that, the defense counsel's
16 assertion that Plaintiff's recent requests are solely based on the newly defense
17 counsel provided bodycam footage is incorrect. These requests were derived from
18 the initial discovery submissions, which have been revised for clarify from the
19 initial set to avoid ambiguity, vague, compound, etc., and to simplify the language,
20 with the intent of facilitating the defense counsel review and reducing objections.
21 Plaintiff invited the defense counsel to compare them with the initial discovery
22 requests to confirm their consistency.
23
24 The above arguments clarified clearly by Plaintiff via Emails. Plaintiff is surprised
25 and concerned by the defense counsel's decision to resurrect previously addressed
26 and resolved issues within the opposition. Such recurrent errors necessitate
27 additional explanations and clarifications by Plaintiff, consuming valuable time
28 and resources.

Plaintiff acknowledges Defense Counsel has demanding obligations as a city attorney and posits that the requested extension would serve to benefit both parties by providing additional time to rectify misunderstandings and ensure clear communication. It is incumbent upon Defense Counsel to manage his professional responsibilities efficiently and without imposing undue burden on the Court or Plaintiff due to personal oversights.

**Second,** the defense counsel offered a mere one-week extension limited to Interrogatories and admissions contingent upon the stringent limitation of five additional questions, which stands in stark contrast to the extensions and accommodations Plaintiff has previously extended to the defense counsel. (Please see the details list in Plaintiff's Request for Extension Discovery Cut-off date, the FIRST point)

Plaintiff has encountered multiple times on extensions, delays, and non-responses attributable to the defendant counsel's medical leaves, extension medical leaves, busy schedule such as his trial etc. These delays have significantly slowed the discovery process. However, the defense counsel did not mention these, also did not mention that the one-week extension he offered, with the stringent limitation of five questions in the Second of Memorandum of Points and Authorities.

**Third**, the statement from Defense Counsel:" Plaintiff has had the opportunity and has engaged in substantive discovery"
This statement is inaccurate and nonfactual. So far, Plaintiff has not got any substantive facts from the defense counsel to support the claim. Plaintiff's initial requests for production, admission, and interrogatories were met with a near-universal response of objections, obstructing the acquisition of necessary facts.

This point can be found in Plaintiff's "Request for extension discovery cut-off date".

Additionally, compelling evidence of the need to extend the current discovery cut-off date is the Plaintiff's inability to serve a deposition notice to Defense Counsel. This impediment stems from the excessive time expended addressing Defense Counsel's protracted communications and responses, compounded by Plaintiff's personal health issues, which have significantly constrained Plaintiff's capacity to manage discovery obligations efficiently. While the defense counsel has already scheduled Plaintiff's deposition on Feb 20, 2024. Deposition is an extensive workload plus securing a competent court reporter at a reasonable price, given Plaintiff current lack of income. Without extension, Plaintiff faces the risk of being unable to procure essential information from the defense by the current discovery cut-off date. The importance and the labor intensive of deposition were already emphasized in Plaintiff's "Request for Extension Discovery Cut-off Date".

**Finally**, Due to the expedited nature of this reply, occasioned by the defense counsel's late filing of the opposition at 8:36pmn February 13, 2024, Plaintiff has had to rush to prepare this document entire night, hastily foregoing rest to prevent a reoccurrence of prior misrepresentations. This urgency stems from a need to correct the record and prevent the Court from being misled by inaccuracies presented by the Defense Counsel, as experienced in the motion to strike previously filed.

Despite the brief timeframe, the Plaintiff has endeavored to address the most salient misstatements and contradictions presented by the Defense Counsel. Time constraints, however, have limited the Plaintiff's ability to comprehensively refute each inaccuracy individually. The Plaintiff reserves the right to correct additional

1  errors and provide further details as necessary.

4  Plaintiff implores the Court to grant the Motion for Extension of the Discovery
5  Cut-off Date, not only to ensure the thoroughness and fairness of the discovery
6  process but also to mitigate the procedural impediments imposed by Defense
7  Counsel's scheduling conflicts.

9  Respectfully submitted on February 14, 2024.

Jing Xu

Plaintiff in Pro Se